309 F. Supp. 1259

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 1 8 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MULTIDISTRICT LABOR LITIGATION )
INVOLVING IOWA BEEF PACKERS, INC. )
AND AMALGAMATED MEATCUTTERS AND ) DOCKET NO. 33
BUTCHER WORKMEN OF NORTH AMERICA )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON,* WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The defendants[1] in the four actions listed on Schedule A pending in federal courts in New York and New Jersey filed a motion with the Panel to transfer those actions pending in other districts to the District of New Jersey for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. A nearly identical action filed in the Central District of California was also considered for transfer under § 1407 on the initiative of the Panel and a plenary hearing was held in New York City on February 27, 1970.

---

\*    Although Judge Robson did not attend the hearing he has with the consent of all parties participated in this decision.
1/   Amalgamated Meat Cutters and Butcher Workmen of North America, International Union, AFL-CIO and affiliated local unions.

Iowa Beef Packers, Inc., plaintiff in each one of these actions, strongly opposes transfer although it agrees that there are questions of fact common to all actions particularly with regard to the role of the International Union in the alleged illegal secondary activities carried out by the individual locals. The plaintiff contends, and we are inclined to agree, that the dominant questions of fact are those relating to the secondary activity complained of and as such are unique to each action.

It appears that the California action can be quickly eliminated as *all parties* urge that its transfer to the East Coast would not serve the convenience of parties or witnesses and would inhibit its just and efficient conduct. The dispute then centers around four actions pending in three districts, all within the metropolitan New York City area. As this litigation is relatively small in scope, transfer under § 1407 would be inappropriate unless it involves *exceptional* cases sharing *unusually complex* questions of fact. Compare *In re Scotch Whiskey Litigation*, 299 F.Supp. 543 (JPML 1969) with *In re IBM Litigation*, 302 F.Supp. 796 (JPML 1969).

> [W]here, as here, there are a minimal number of cases involved in the litigation the moving party bears a strong burden to show that the common questions of fact are so complex and that the accompanying common discovery so time consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses. *In re Scotch Whiskey Litigation, supra,* at page 544.

- 3 -

The common questions of fact here involve the International Union's role in the secondary activity and discovery will probably be limited to the taking of depositions of several officers of the International Union and the production of records at its offices in Chicago. There *may* also be some common discovery with regard to damages. These actions are clearly not *exceptional cases sharing unusually complex common questions of fact* and we are not convinced that their just and efficient conduct will be served by transfer to a single district under § 1407.[2/] We do not mean to imply that informal coordination of pretrial proceedings, especially with regard to discovery of common parties, is inappropriate but we are confident that the three courts, with the cooperation of counsel, will insure that repetitive depositions and duplicative discovery are avoided.[3/]

THE MOTION FOR TRANSFER IS DENIED

---

[2/] The fact that the International Union favors transfer of the East Coast actions but opposes transfer of the California action is not without significance.

[3/] See generally the *Manual for Complex and Multidistrict Litigation*.

DOCKET NO. 33                                          SCHEDULE A

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Iowa Beef Packers, Inc. v. Amalgamated Meatcutters & Butcher Workmen of North America, et al. | Civil Action No. 1353-69 |
| Iowa Beef Packers, Inc. v. Amalgamated Meatcutters & Butcher Workmen of North America, et al. | Civil Action No. 1539-69 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Iowa Beef Packers, Inc. v. Amalgamated Meatcutters & Butcher Workmen of North America, et al. | Civil Action No. 69 C 4916 |

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Iowa Beef Packers, Inc. v. Amalgamated Meatcutters & Butcher Workmen of North America, et al. | Civil Action No. 69 C 1406 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Iowa Beef Packers, Inc. v. Amalgamated Meatcutters & Butcher Workmen of North America, et al. | Civil Action No. 70-98-IH |